AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| United States of America | ) |
| v. | ) Case: 1:21-mj-00397 |
| Eric Bochene | ) Assigned To : Meriweather, Robin M. |
| | ) Assign. Date : 4/23/2021 |
| | ) Description: COMPLAINT W/ ARREST WARRANT |
| | ) |
| *Defendant* | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*                                                          Eric Bochene                                                          ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment      ☐ Superseding Indictment      ☐ Information      ☐ Superseding Information      ☒ Complaint
☐ Probation Violation Petition      ☐ Supervised Release Violation Petition      ☐ Violation Notice      ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful
Authority;
18 U.S.C. § 1752(a)(2) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful
Authority;
40 U.S.C. § 5104(e)(2)(D) - Violent Entry and Disorderly Conduct on Capitol Grounds;
40 U.S.C. § 5104(e)(2)(G) - Violent Entry and Disorderly Conduct on Capitol Grounds.

Date:      04/26/2021

*Issuing officer's signature*

City and state:      Washington, D.C.          Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 04/26/2021 , and the person was arrested on *(date)* 05/13/2021 at *(city and state)* New Hartford, NY. |
| Date: 05/25/2021 |
| *Arresting officer's signature* |
| Gerald J. DeRuby Jr |
| *Printed name and title* |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| United States of America | ) | Case: 1:21-mj-00397 |
|---|---|---|
| v. | ) | Assigned To : Meriweather, Robin M. |
| | ) | Assign. Date : 4/23/2021 |
| Eric Bochene | ) | Description: COMPLAINT W/ ARREST WARRANT |
| DOB: | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the
_____ in the District of ____ Columbia ____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1752(a)(1) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, | |
| 18 U.S.C. § 1752(a)(2) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, | |
| 40 U.S.C. § 5104(e)(2)(D) - Violent Entry and Disorderly Conduct on Capitol Grounds, | |
| 40 U.S.C. § 5104(e)(2)(G) - Violent Entry and Disorderly Conduct on Capitol Grounds. | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Gerald J. DeRuby, Jr., Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: _____ 04/26/2021 _____

_____
*Judge's signature*

City and state: _____ Washington, D.C. _____

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

Case: 1:21-mj-00397
Assigned To : Meriweather, Robin M.
Assign. Date : 4/23/2021
Description: COMPLAINT W/ ARREST WARRANT

## STATEMENT OF FACTS

Your affiant, Gerald L. DeRuby Jr., is an Investigator with the New York State Police and is currently a Task Force Officer with the Federal Bureau of Investigation – Joint Terrorism Task Force. As a Task Force Officer, I am authorized to investigate violations of the laws of the United States and to execute search warrants issued under the authority of the United States. Currently, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of

violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

During the course of the investigation into the events of January 6, 2021, the FBI received several tips regarding ERIC BOCHENE being in the Capitol Building on the aforementioned date. The following tips were reviewed by the Albany Field Office and resulted in the opening of an investigation into BOCHENE's involvement in the events that transpired on January 6, 2021.

The FBI National Threat Operations Center (NTOC) received a tip from Tipster #1 regarding "Eric Bochenek," a/k/a "Eric Festo," 19 Pinecrest Road, New Hartford, N.Y. Tipster #1 stated that "Bochenek" called an individual known to Tipster #1 to brag that he was one of the first people into the Capitol Building in Washington, D.C. On February 16, 2021, SA Mason Hughes and your affiant interviewed Tipster #1 to potentially obtain additional information regarding the subject identified in the tip. Tipster #1 advised that the information that she/he had reported to the F.B.I. was received from Tipster #2.

On February 16, 2021 SA Mason Hughes and your affiant interviewed Tipster #2. Tipster #2 advised that Tipster #3 had provided him/her with the information that was reported to the FBI National Threat Operations Center (NTOC) by Tipster #1.

Further investigation revealed that ERIC BOCHENE, resided at 19 Pinecrest Road, New Hartford, New York.

On February 16, 2021, SA Mason Hughes and your affiant spoke to Tipster #3, a resident of New Hartford, New York. Tipster #3 advised that he/she received a telephone call from ERIC BOCHENE on January 6, 2021. During the call, Tipster #3 asked BOCHENE if he was at the White House and BOCHENE said, "yes." BOCHENE also told Tipster #3 that he had broken a window and was one of the first people inside the building.

Tipster #3 was shown a publicly available image (Picture-1) that was taken inside of the Capitol Building on January 6, 2021. Tipster #3 positively identified the individual on the far right of the picture as ERIC BOCHENE.

Picture-1. Publicly available image of the Capitol Building interior on January 6, 2021.



On March 10, 2021, law enforcement officers, including Task Force Officer Salih Rizvanovic and your affiant, interviewed ERIC BOCHENE at his residence, 19 Pinecrest Road, New Hartford, N.Y. BOCHENE admitted to being at the Capitol on January 6, 2021. BOCHENE invited law enforcement to enter his residence to view a video he recorded while inside the Capitol Building. BOCHENE retrieved a laptop computer, connected an external hard drive, and showed a video to your affiant. The video was approximately two minutes long and appeared to have been recorded in the same setting as depicted in Picture #1. BOCHENE was visible in the video. BOCHENE identified the voice heard speaking to the Capitol Police as his own. BOCHENE was shown a copy of Picture-1 and he identified the individual on the far right, wearing a gray cap and gray hooded sweatshirt, as himself.

An additional tip was received by the fbi.gov/uscapitol online portal. Tipster #4 provided a screenshot of a WeChat between ERIC BOCHENE and an unidentified person (Picture-2). In the chat, BOCHENE shared a picture of himself that appears to have been taken inside the Capitol Building on January 6, 2021. Tipster #4 stated that the image of the man in the WeChat was BOCHENE. The setting of the picture appears to be similar to the one in Picture-1. In the chat, BOCHENE also admitted to being present inside the Capitol Building.

Picture-2. WeChat screenshot provided by Tipster #4.



The FBI received Picture-3 and Picture-4 from Tipster #5.  Tipster #5 reported that Picture-3 is a picture of ERIC BOCHENE at the Capitol on the day it was attacked.  Picture-3 appears to be a cropped version of Picture-1.

Picture-3. BOCHENE at Capitol on January 6, 2021.



Tipster #5 also reported that Picture-4 was a screenshot of ERIC BOCHENE's Facebook profile picture. Tipster #5 stated that a colleague is the one that identified BOCHENE, but did not want to report BOCHENE.

Picture-4. BOCHENE Facebook Profile.



A query of New York State Department of Motor Vehicles revealed that ERIC BOCHENE has a 2016 Mazda, four door sedan, color blue, registered in his name. The vehicle bears New York Registration HHW8722. The National Capital Region Threat Intelligence Consortium advised that BOCHENE's New York Vehicle Registration, HHW8722, had been captured by License Plate Readers (LPR) five times on January 6, 2021 in Washington, D.C. The earliest time being 12:31 A.M. and the latest time being 5:06 P.M. Additionally, New York State Police License Plate Readers captured BOCHENE's license plate at approximately 9:45 P.M. on January 6, 2021, on I-81, Binghamton, New York.

Through the review of additional publicly available images, your affiant located additional images of ERIC BOCHENE, Picture-5 and Picture-6, inside the Capitol Building on January 6, 2021.

Picture-5.



Picture-6.



Based on the foregoing, your affiant submits that there is probable cause to believe that ERIC BOCHENE violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter

or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions or attempts or conspires to do so.  For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that ERIC BOCHENE violated 40 U.S.C. § 5104(e)(2), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

_____
TFO Gerald J. DeRuby Jr.
Federal Bureau of Investigation – Joint
Terrorism Task Force

Attested to by the applicant by
telephone, this 26<u>rd</u>, day April 2021.

_____
ROBIN M. MERIWEATHER
U.S. MAGISTRATE JUDGE

AO 466A (Rev 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. **5:21-MJ-273 (ATB)** |
| Eric Bochene | ) | |
| | ) | Charging District's Case No. **1:21-MJ-397** |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*   **District of Columbia**

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)    a hearing on any motion by the government for detention;

(6)    request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑    an identity hearing and production of the warrant.

☐    a preliminary hearing.

☑    a detention hearing.

☑    an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☐ preliminary hearing and/or ☑ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: _____          _____
                                        *Defendant's signature*

                                        _____
                                        *Signature of defendant's attorney*

                                        _____
                                        *Printed name of defendant's attorney*

AO 199A Order Setting Conditions of Release

# United States District Court
## Northern District of New York

United States of America

V.

Eric Bochene

**ORDER SETTING CONDITIONS
OF RELEASE**

Case Number : 5:20-MJ-273 (ATB)

IT IS ORDERED that the release of the defendant is subject to the following conditions:

    (1)  The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

    (2)  The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

    (3)  The defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

    (4)  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified )

        <u>District of Columbia District Court</u>      on      <u>May 25, 2021</u>
                place                              date and time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(✔)    (5)  The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(X )    (6)  The defendant executes an unsecured bond binding the defendant to pay the United States the sum of <u>twenty five thousand dollars  ($25,000)</u> in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

### Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(  )    (7)  The defendant is placed in the custody of:
            (Name of person or organization): _____

            (City and state): _____ (Tel. No.) _____
who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

        Signed: _____   _____
                         Custodian or Proxy          Date

AO 199A Order Setting Conditions of Release

### Additional Conditions of Release (continued)

(X)      (8)  The defendant shall:

(X ) (a)   Report to the Pretrial Services within 24 hours of release, telephone number (315) 234-8700 , and as directed thereafter.  The defendant shall allow a probation officer to visit at anytime at the defendant's home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

( ) (b)   Execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

( ) (c)   Post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described:

( ) (d)   Execute a bail bond with solvent securities in the amount of $

(X ) (e)   Maintain or actively seek employment.

( ) (f)   Maintain or commence an educational program.

(X ) (g)   Surrender any passport to: **The Clerk of the Court**[1].

(X) (h)   Obtain no passport.

( ) (i)   Restrict travel to the Northern District of New York unless approved by Pretrial Services or the Court.

(X ) (j)   Remain at an authorized address as approved by Pretrial Services or the Court.

( ) (k)   Avoid all contact with codefendants and defendants in related cases unless approved by Pretrial Services or the Court.

( ) (l)   Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to : _____

( ) (m)   Submit to a mental health evaluation and/or treatment as approved by Pretrial Services or the Court.  The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.

( ) (n)   Return to custody each (week)day as of after being released each (week)day as of for employment, schooling, or the following limited purpose(s): .

( ) (o)   Maintain residence at a halfway house or community corrections center, as approved by Pretrial Services or the Court.

(X ) (p)   Refrain from( ) any (X) excessive use of alcohol.

(X ) (q)   Refrain from possession, use, distribution, importation, or manufacture of any and all controlled substances and any and all controlled substance analogues, as defined in 21 U.S.C. §802, except that possession and use of a controlled substance properly prescribed by a licensed medical practitioner is permitted.

(X ) (r)   Submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance.  Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, and/or a remote alcohol testing system.

( ) (s)   Participate in and successfully complete a program of outpatient or inpatient substance abuse therapy and counseling. Outpatient treatment shall be approved by Pretrial Services or the Court.  Inpatient substance abuse treatment shall be approved by the Court. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.

(X ) (t)   Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.

( ) (u)   Participate in one of the following home confinement program components and abide by all the requirements of the program which (X) will or ( ) will not include GPS electronic monitoring or other location verification system. You shall pay all or part of the cost of the program as determined by the probation officer based upon ability to pay.

( ) (v)   **Curfew.**  The defendant is restricted to the defendant's residence every day (X) from _____PM to ____AM, subject to modifications by Pretrial Services, or ( ) as directed by Pretrial Services or the Court.

( ) (w)   **Home Detention.** The defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by Pretrial Services or the Court.

( ) (x)   **Home Incarceration.** The defendant is restricted to the defendant's residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by Pretrial Services or the Court.

(X ) (y)   Report within 72 hours, to Pretrial Services or the Court any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

( ) (z)   Not commit another crime, in the United States or elsewhere (including any criminal violation of the law of any province, state, county, town, city, village, or other subdivision of a country, or of any recognized tribe).

( ) (sc.1)   The defendant shall not possess or use a computer, data storage device, or any internet capable device without the approval of Pretrial Services or the Court.

( ) (sc.2)   The defendant shall not use or possess any computer, data storage device, or any internet capable device, at any location, except at your place of employment, unless you participate in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or the U.S. Probation Office. If placed in the CIMP, the defendant will comply with all the

AO 199A Order Setting Conditions of Release

rules of the program and pay the costs associated with the program. The U.S. Probation Office may use and/or install any hardware or software system that is needed to monitor the defendant's use of a computer or internet capable device. You shall permit the U.S. Probation Office to conduct periodic, unannounced examinations of any computer equipment, including any data storage device, and internet capable device you use or possess. This equipment may be removed by the U.S. Probation Office or their designee for a more thorough examination. The defendant may be limited to possessing one personal internet capable device, to facilitate the U.S. Probation Office's ability to effectively monitor his or her internet related activities.

( ) (sc.3)  The defendant shall not frequent places where persons under the age of 18 are likely to congregate.  This shall include, but is not limited to, schools, parks and arcades, unless it is approved by Pretrial Services or the Court.

( ) (sc.4)  The defendant shall not have any direct contact with a person under the age of 18 unless it is supervised by a person approved of by Pretrial Services or the Court.  You shall not have indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) unless it is supervised by a person approved of by Pretrial Services or the Court.  You shall reasonably avoid and remove yourself from situations in which you have any other form of contact with a minor.

( ) (sc.5)  The defendant shall not subscribe to or use any Internet services at any location without the approval of Pretrial Services or the Court.  Telephone bills, credit card bills and service agreements shall be provided upon the request of Pretrial Services or the Court.

( ) (sc.6)  The defendant shall not utilize any Internet site directly or through another person unless it is approved by Pretrial Services or the Court.

( ) (sc.7)  The defendant shall participate in a mental health program which shall include medical, psychological, or psychiatric evaluation, and may include participation in a treatment program for sexual disorders.  The program shall be approved by the United States Probation Office.

( ) (sc.8)  The defendant shall contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by the United States Probation Office based on your ability to pay and the availability of third party payments.

( ) (sc.9)  The Court finds there is a reasonably foreseeable risk that you may engage in criminal conduct similar or related to the present offense or your past criminal conduct.  Therefore, the Court directs you to notify of risks that may be occasioned by your criminal record or personal history or characteristics, and directs the probation officer to confirm your compliance with this notification requirement.

( )

( )

rev. (5/2017)

[1]For U.S. Passports, the passport will be returned to the U.S. Office of Passport Policy and Planning upon conviction; For Foreign Passports, the passport will be forwarded to the Bureau of Immigration and Customs Enforcement (ICE); The passport will only be returned to the defendant if the case is dismissed.

AO 199A Order Setting Conditions of Release

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliating and intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned for not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

Signature of Defendant

City and State

## Directions to United States Marshal

( X ) The defendant is ORDERED released after processing.

(   ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: May 13, 2021

Andrew T. Baxter
U.S. Magistrate Judge

SEALED,CLOSED,PASSPORT

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.5 (Revision 1.5.3)] (Syracuse)
# CRIMINAL DOCKET FOR CASE #: 5:21-mj-00273-ATB All Defendants *SEALED* Internal Use Only

Case title: USA v. SEALED

Other court case number: 1:21-mj-397 District of Columbia

Date Filed: 05/13/2021

Date Terminated: 05/20/2021

Assigned to: US Magistrate Judge Andrew T. Baxter

**Defendant (1)**

**Eric Bochene**
*TERMINATED: 05/20/2021*

represented by **John Gilsenan**
Office of the Federal Public Defender - Syracuse Office
Northern District of New York
4 Clinton Square, 3rd Floor
Syracuse, NY 13202
315-701-0080
Fax: 315-701-0081
Email: John_Gilsenan@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*
*Bar Status: Active*
*Fee Status: waived_2019*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:1752.P - TEMPORARY RESIDENCE OF THE PRESIDENT, 18:1752.P - TEMPORARY RESIDENCE OF THE PRESIDENT, 40:193C.P - VIOLENT ENTRY AND DISORDERLY CONDUCT CAPITAL, 40:193C.P - VIOLENT ENTRY AND DISORDERLY CONDUCT CAPITAL | |

**Plaintiff**

| **USA** | represented by | **Richard D. Belliss** |
|---|---|---|
| | | Office of United States Attorney - Albany |
| | | James T. Foley U.S. Courthouse |
| | | 445 Broadway, Room 218 |
| | | Albany, NY 12207-2924 |
| | | 518-431-0247 |
| | | Fax: 518-431-0249 |
| | | Email: richard.belliss@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant US Attorney* |
| | | *Bar Status: Active* |
| | | *Fee Status: waived_2019* |

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 05/13/2021 | 1 | Rule 5(c)(3) Documents Received as to Eric Bochene. (kmc) (Entered: 05/14/2021) |
| 05/13/2021 | | Rule 5(c)(3) arrest of Eric Bochene. (kmc) (Entered: 05/14/2021) |
| 05/13/2021 | | TEXT Minute Entry for Initial Appearance pursuant to Rule 5(c)(3) held on 5/13/2021 before U.S. Magistrate Judge Andrew T. Baxter as to Eric Bochene: A copy of the Criminal Complaint filed in the District of Columbia is provided to the defendant and defense counsel. Prior to the proceeding Probation provides counsel and the Court the Pretrial Services Report. Defendant consents to proceeding by video due to the circumstances arising from the COVID-19 pandemic. Defendant is advised of the charges and his constitutional rights. Defendant affirms that the information contained within the financial affidavit, which was during the proceeding, is true and Judge Baxter finds the defendant to be eligible for the appointment of counsel. Judge appoints the OFPD as counsel for the purpose of proceedings held in this district. The Government states the maximum penalties and advises it is not moving for detention, in light probation's recommendation of release. Judge Baxter explains each condition of release to the defendant and orders him released after processing. Defendant signs order setting conditions of |

| | | |
|---|---|---|
| | | release and is released on the stated conditions. Defendant waives his right to an identity hearing and a preliminary hearing in this district. Defendant is directed to report to the District of Columbia on May 25, 2021. Appearances: Richard Bellis, AUSA; John Gilsenan, OFPD, for defendant. USPO: Marina Martinez.[Court Reporter Eileen McDonough. Time: 3:37 PM - 4:20 PM] (kmc) (Entered: 05/14/2021) |
| 05/13/2021 | 2 | WAIVER of Rule 5(c)(3) Hearings in this District by Eric Bochene. (kmc) (Entered: 05/14/2021) |
| 05/13/2021 | 🔒 3 | CJA 23 Financial Affidavit as to Eric Bochene. (kmc) (Entered: 05/14/2021) |
| 05/13/2021 | 4 | TEXT ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Eric Bochene. Because the defendant has testified under oath or has otherwise satisfied this court that he (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require it is hereby ORDERED that: The Office of the Federal Public Defender for the Northern District of New York is assigned representation of the defendant and shall file a notice of appearance with the Clerk of Court. So Ordered by U.S. Magistrate Judge Andrew T. Baxter on 5/13/2021. (kmc) (Entered: 05/14/2021) |
| 05/13/2021 | 5 | ORDER Setting Conditions of Release as to Eric Bochene (1) unsecured bond $25,000. Signed by U.S. Magistrate Judge Andrew T. Baxter on 5/13/2021. (kmc) (Entered: 05/14/2021) |
| 05/14/2021 | 🔒 6 | PRETRIAL SERVICES INVESTIGATION REPORT - [LODGED] as to Eric Bochene. **[This document has been electronically lodged with the Court and is viewable by ONLY the attorney for the government, the attorney for the defendant, and the presiding judge. Any further distribution or dissemination is prohibited.]** (Bates, Nicole) (Entered: 05/14/2021) |
| 05/14/2021 | 7 | Receipt for Surrender of Passport as to Eric Bochene. Passport Number: 566297233. Passport issued by USA. Passport placed in the vault in Utica. (map) (Entered: 05/14/2021) |
| 05/14/2021 | 🔒 8 | PS-40 NOTICE Regarding U.S. Passport for Criminal Defendant filed as to Defendant Eric Bochene. Copy of PS-40 NOTICE emailed to United States Department of State on 05/14/2021. (map) (Entered: 05/14/2021) |
| 05/20/2021 | 9 | Appearance Bond Entered as to Eric Bochene in amount of $ $25,000. (kmc) (Entered: 05/21/2021) |
| 05/20/2021 | 🔒 | (Court only) ***Terminated defendant Eric Bochene, pending deadlines, and motions., ***Procedural Interval start as to Eric Bochene, ***Set Closed Flag as to Eric Bochene. (kmc) (Entered: 05/21/2021) |
| 05/21/2021 | | TEXT NOTICE to the Clerk, District of Columbia as to Eric Bochene: On 5/13/2021, Defendant appeared in the NDNY as a result of an arrest warrant issued under your case number is: 1:21-mj-397-RMM. The defendant waived his right to Identity Hearing and a Preliminary Hearing in this district and was Released on Conditions and an appearance bond entered. Please contact Kimberly Carrow at 315-234-8603 if you should have any questions concerning this notice. [Copies of documents and docket sheet sent to District of Columbia via email] (kmc) (Entered: 05/21/2021) |