LET IT BE FILED
*Randolph D. Moss*
USDJ
11/5/21

# UNITED STATES DISTRICT COURT
## for the DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> Alleging Injured Party Status <br><br> V. <br><br> **Eric Bochene,** <br> Alleged To Be The Injuring Party | **CASE NO. 1:21-cr-00418-RDM** <br> **VIOLATIONS:** <br><br> 18 U.S.C. § 1752(a)(1) <br> (Entering and Remaining in a Restricted Building) <br><br> 18 U.S.C. § 1752(a)(2) <br> (Disorderly and Disruptive Conduct in a Restricted Building) <br><br> 40 U.S.C. § 5104(e)(2)(D) <br> (Violent Entry and Disorderly Conduct and Parading, Demonstrating, or Picketing in a Capitol Building) <br><br> 40 U.S.C. § 5104(e)(2)(G) <br> (Parading, Demonstrating, or Picketing in a Capitol Building) |



RECEIVED
Mail Room

NOV 0 4 2021

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# MOTION FOR CHANGE OF VENUE

In the present social climate and tension of the event that transpired on January 6th of 2021, I Eric Bochene find that a jury procured from Washington DC would impair my constitutionally protected right to a fair trial by my peers as outlined in the 6th Amendment.[1]

According to the rules set forth in the Federal District of Columbia's website under the Frequently Asked Questions section of jury selection, the first section labeled *"How am I Selected for Jury Duty?"* explains that jurors will be pulled from local residents of District of Columbia (DC) according to the local services provided by the local agencies there.[2]

The residents of DC who are Federal Employees, have a vested interest in supporting their employer are at a scale of 1/3 of the overall population of DC.[3] Therefore and for example, you should not pull a jury to determine a case from a neighborhood that surrounds a large corporation when the inhabitants are mostly – if not entirely – employed to that corporation or receiving direct benefits from that said corporation. The incentive is considerably bias.

In addition to this complaint, the financial stress and time constraints upon the myself (the alleged injuring party) would cause un-necessary suffrage to me given fuel costs, travel times and accommodations and preparation for trial hearings since I do not get paid to litigate.

The best option is for the case to proceed in the U.S. Northern District of New York. By regulation, the Federal Government must adhere to the provisions set forth in Title 28 United States Code (USC) subsection 1391 Venue Generally, (b), which states, " "venue" refers to the geographic specification of the proper court or courts for the litigation…etc.".

---

[1] https://www.archives.gov/founding-docs/bill-of-rights-transcript#toc-amendment-vi
[2] https://www.dcd.uscourts.gov/sites/dcd/files/FrequAskedQuest3.pdf
[3] https://www.washingtonpost.com/graphics/2018/politics/federal-workers/#:~:text=Only%20about%201%20in%206%20of%20the%201.87,West%20Virginia.%20The%20rest%20work%20around%20the%20country.,
https://en.wikipedia.org/wiki/Washington,_D.C.

26  Since the action under review is Federal in nature, then the boundaries of a juror pool is that of
27  United States (US) citizens and it should encompass the boundaries of the United States, not just
28  the limited scope of DC.
29
30  Now had this been matter involving a resident of DC, it would be rational and logical to have it
31  remain local. But the claimed injured party in this case is the enormous Federal Government and
32  shouldn't be constricted to one judicial district since there are plenty of Federal Agencies in New
33  York that could handle the case load.
34
35  Participants of the event in question were from all over the United States so it isn't necessarily
36  burdensome on witness participation. Unfortunately, Title 28 of the United States Code doesn't
37  give any direction on changing venue for criminal actions probably because normally you want
38  the trial to be within close proximity of where the action in question took place.
39
40  This is a special circumstance as opinions on the event in question were publicly broadcasted on
41  large networks all over the country so, the public by large has just as much understanding of
42  what transpired as the residents of DC.
43
44  Further guidance is provided from the Department of Justice, where their website states:
45      "One of, if not the most important factors to be considered, is that of convenience of the
46      witnesses. In this regard, the inquiry is directed not at the numbers, but rather at the
47      nature and quality of the witnesses' testimony and the question of whether they can be
48      compelled to testify. See Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp. 1048,
49      1051 (N.D. Ill. 1982); Schmidt v. Leader Dogs for the Blind, Inc., 544 F. Supp. 42, 48
50      (E.D. Pa. 1982); Capitol Cabinet Corp. v. Interior Dynamics, Ltd., 541 F. Supp. 588, 591
51      (S.D.N.Y. 1982)."[4]
52

---

[4] https://www.justice.gov/jm/civil-resource-manual-42-change-venue#:~:text=Change%20Of%20Venue%20Section%201404%20%28a%29%20of%20Title,a%20transfer%20under%2028%20U.S.C.%20%C2%A7%201404%20%28a%29.

If this motion is granted by the court, the prosecution will not lose jurisdiction. There is little to no reason found as to why it cannot be moved. In fact, as the other very important factor mentioned this move would only help facilitate the "interest of justice".

In local State Law we can find an example of this proper resolution. From the State of California's rules and procedures: "In criminal cases a change of venue is permitted if, for example, the court believes the defendant cannot receive a fair trial in a given county. Reasons for changes of venue include pretrial publicity, bias, political atmosphere, and any other circumstance that the parties believe would prevent them from obtaining a fair trial in the county in which the case was originally filed."[5]

I, Eric Bochene, have found clear guidance and rational remedy and therefore implore the court to grant this motion otherwise, the trial will be regarded as unfair and unjust.

> I certify that a copy of this motion was sent to the Clerk of the Court and opposing counsel via FedEx and/or U.S. mail on the 3rd day of November 2021.
>
> Signed by: _____ ©
> Eric Bochene©, a man
> With All Rights Reserved, Always & Without Prejudice
>
> On this 3rd day of November 2021.

---

[5] https://www.courts.ca.gov/documents/chgofven.pdf#:~:text=Change%20of%20venue%20is%20the%20transfer%20of%20a%20county%20in%20which%20the%20case%20was%20originally%20filed.