# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :

     **v.**                       :  **CRIMINAL NO. 21-418**

**ERIC BOCHENE**            :

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO DISMISS - NOTICE OF SUBROGRATION

Defendant Eric Bochene is proceeding *pro se* and in his Motion to Dismiss - Notice of Subrogation (ECF No. 43) has again filed a frivolous and unintelligible motion. Because the government believes this Court has a full understanding of the charges in this case, we will not recount the charges in this case and the facts leading to those charges that have been previously delineated in other pleadings previously filed in this case.

For the reasons that follow, the government respectfully requests that Court deny the defendant's Motion.

1.      Defendant Bochene seeks to act as caretaker of the "Public Charitable Trust as Creditor, Payor, Consigner with access to my Co-Tenant Trust."

2.      In his Motion, the defendant references "Equity and with Notice of Repentance and Prayer for Equitable Relief."

3.      The defendant states, "I hereby notice the Court and prosecutor, that they are hereby now appointed as trustee(s) of the Constructive Trusts and this Taxable Event to settle and set off any claims brought forth by the prosecutor."

4.      The defendant states that to ensure compliance with 18 U.S.C. § 215, he demands the "full disclosure of any securities and the filing of any 1099s the court parties may owe to the

IRS for their taxable events on the securities being created, when utilizing the referenced estate property which I am beneficiary of."

5.      Additionally, the defendant demands "disclosure of any bonds and securities brought by the prosecutor's (or plaintiff) bond, and insurance claim information . . . [and the] production of any contracts which provide evidence of a known duty."

6.      Finally, the defendant provides notice of a bill of damages at a rate of $100,000 USD per day.

7.      In the context of this criminal case, which charges the defendant with violating provisions of Title 18, United States Code, Section 1752 and Title 40, United States Code, Section 5104, the government fails to appreciate and/or find relevant the posture that the defendant seeks to assume. Regardless, he has failed to state a colorable argument in relation to the subject case.

8.      The defendant's only reference to a criminal statute is 18 U.S.C. § 215, which addresses the receipt of commissions or gifts for procuring loans. This statute is inapplicable to this case.

9.      The defendant's reference to subrogation is also misapplied. Simply put, subrogation is the assumption by a third party of another party's legal right to collect a debt or damages; substituting one creditor for another or taking over another's right to sue. There is no issue of subrogation in this case.

10.     Because the defendant has failed to state either a factual or legal argument, based on a recognized principle, or make any other cognizable claim based on the statutes at issue or

any legal precedent, the government respectfully requests that the defendant's Motion to Dismiss

be DENIED.

Respectfully submitted,

MATTHEW GRAVES
United States Attorney
D.C. Bar No. 481052

/s/ *Anita Eve*
ANITA EVE
Assistant United States Attorney (Detailee)
PA Bar No. 45519
Cell No. (215) 764-2177
Anita.eve@usdoj.gov