UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | Case No. 21-cr-418 (RDM) |
| | : | |
| **ERIC J. BOCHENE** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S PRETRIAL STATEMENT

Pursuant to this Court's Minute Order on July 4, 2023, the government hereby submits the attached statement of the case, proposed voir dire, and proposed jury instructions. Counsel for the government made efforts to communicate with Mr. Bochene, but those efforts were unsuccessful. Therefore, the accompanying documents are solely submitted by the government.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By: */s/ Michael J. Romano*
MICHAEL J. ROMANO
Trial Attorney / Detailee
Bar No. IL 6293658
555 4th Street, N.W.
Washington, D.C. 20530
michael.romano@usdoj.gov
(202) 307-6691

*/s/ Anita Eve*
ANITA EVE
Assistant United States Attorney (Detailee)
PA Bar No. 45519
Cell No. (215) 764-2177
Anita.eve@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-418 (RDM) |
| | : | |
| ERIC J. BOCHENE | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S STATEMENT OF THE CASE

This is a criminal case in which the government has accused Mr. Eric J. Bochene of offenses relating to the events of January 6, 2021, at the United States Capitol building. Mr. Bochene lives in New Hartford, New York. The government alleges -- and these are only allegations at this stage -- that on January 6, 2021, Mr. Bochene knowingly entered or remained in a restricted area, the U.S. Capitol building, and the grounds around the building. Mr. Bochene entered the U.S. Capitol building through a broken Senate Wing foyer window and ventured at will inside the building. The government further alleges that Mr. Bochene engaged in disorderly or disruptive conduct in the Capitol building and its grounds; that Mr. Bochene intended to, and in fact did, disrupt government business; and that he paraded, demonstrated, and picketed while inside the Capitol building. Mr. Bochene has been charged by Information with four counts: Entering or Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); Disorderly or Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Violent Entry or Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Mr. Bochene has pleaded not guilty to the charges. Mr. Bochene, who is presumed innocent, denies the allegations contained in the Information and/or has otherwise entered a plea of not guilty to all of these charges, and has requested a jury trial.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-418 (RDM) |
| | : | |
| ERIC J. BOCHENE | : | |
| | : | |
| Defendant. | : | |

**PROPOSED VOIR DIRE**

The government proposes the following voir dire questions:

1. Do you feel so uncomfortable being in a room with other jurors and trial participants, due to the COVID-19 pandemic, that it would be difficult for you to pay attention or otherwise to serve as a juror in this case?

2. Are you currently caring for a relative or close friend, who has been infected by, or exposed to persons infected with, COVID-19, such that it would be difficult for you to pay attention or otherwise to serve as a juror in this case?

3. The United States is represented in this case by Trial Attorney Michael J. Romano and Assistant United States Attorney Anita Eve, and are being assisted by paralegal Elizabeth Hayman, all of whom work at the U.S. Department of Justice. Could you each PLEASE STAND. Do you know or have you had any contact with these individuals?

4. The defendant at trial is Eric J. Bochene. PLEASE STAND. Do you know or have you had any contact with Eric J. Bochene?

5. Eric J. Bochene has decided to represent himself, but has stand-by counsel, Assistant Federal Public Defender Ubong E. Akpan to assist him if he so chooses. PLEASE STAND. Do you know or have you had any contact with Ubong E. Akpan?

6. During the course of the trial, you may hear testimony from or about a number of people. The attorneys will now identify for you the names of people who may testify or about whom you may hear testimony. Listen carefully and, if you recognize or know any of the people named, please mark your paper beside the number 6. The Government's counsel may go first, and then the defendant may list any additional names.

7. Please look around you. Do you know or recognize any other member of the prospective jury panel, the courtroom staff or me?

8. The lawyers have predicted that the presentation of evidence in this trial should last about **three days**, but it could shorter or longer. The jury will sit Monday through Thursday, generally from 9:30 a.m. to 5 p.m., although the starting and ending times may vary. The length of jury

deliberations following the presentation of evidence at trial will be determined by the jury itself. Do you have an urgent or extremely important matter to attend to this week and next, such that you could be faced with a hardship if selected to serve on the jury in this case?

9. Do you have any vision, language, or hearing problems, or any other physical or medical problems, that might interfere with your ability to hear or understand what the witnesses say in this case, to view exhibits and photographs, or to give your full attention to this case?

10. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person?

11. Have you, any member of your family or close friend ever studied law or been employed by a lawyer or a law firm, worked in a courthouse, as a paralegal or legal secretary, or performed legal investigative work?

12. Have you, any member of your family or close friend ever been employed by any local, state, or federal law enforcement agency or a private security company? Law enforcement agencies include for example, the Metropolitan Police Department, the U.S. Marshals Service, or the Federal Bureau of Investigation (FBI).

13. Have you, or any of your family, close friends, or household members, ever done any work for or with any person or organization that does criminal defense work, such as the Federal Defender's Office, the Public Defender's office, defense attorneys, or a private law firm? This question also includes work as a private investigator.

14. Have you, any member of your family or close friend had any experiences with any law enforcement agency or the government that might cause you to favor or disfavor the government or law enforcement?

15. If you ever served before as a juror at a civil or criminal trial, or on a grand jury, was there anything about your service that might affect your ability to serve fairly and impartially as a juror at this trial?

16. Have you ever filed a complaint against a police officer or anyone in law enforcement?

17. Have you, any member of your family or close friend ever been the subject of a criminal investigation, been accused of criminal conduct, been arrested or convicted of a crime, been a victim of a crime, been a witness to a crime, testified in court or before a grand jury as a witness to a crime, or been required to appear in court for any reason?

18. Do you have any opinions about prosecutors or defense attorneys that might affect your ability to serve fairly and impartially in this trial?

19. Do you, any member of your family or any close friend belong to a group or organization that is active in law enforcement or crime victim prevention matters? Some examples of such organizations include: Fraternal Order of Police, Crime Watch, Crime Stoppers, Orange Hats, or other organizations, including any groups on the Internet, which monitor or discuss neighborhood crime issues.

20. In this case, law enforcement officers will be witnesses. Would you tend to believe or not believe the testimony of a law enforcement officer simply because he or she is a law enforcement officer? In other words, would you tend to give more or lesser weight to the testimony of a law enforcement officer than to the testimony of other witnesses?

21. The prosecution has the burden of proof. This means that the jury cannot return a guilty verdict against a defendant unless the prosecution has proven beyond a reasonable doubt that the defendant is guilty of the crime charged. Would you have any difficulty accepting and applying this legal instruction?

22. The defendant in this case, just as every defendant in a criminal trial, is presumed innocent and, therefore, has no obligation to testify or present any evidence in the case. Would you have any difficulty accepting and applying this legal instruction?

23. To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must also follow your own conscience and be personally satisfied with any verdict. Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

24. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all in following this principle?

25. This case involves evidence recovered during the execution of a court-approved search warrant. Do you have such strong feelings about the execution of court-approved search warrants that would make it difficult for you to be fair and judge this case on the evidence presented in court?

26. Do you know of any reason, or has anything occurred to you during this questioning, that might in any way prevent you from following my instructions on the law and being completely fair and impartial as a juror in this case?

### *January 6, 2021- Specific Questions*

27. During the course of this trial, you will hear about the events at the United States Capitol on January 6, 2021.  Do you, any member of your family or close friend live, work near or have any special familiarity with the immediate area of the United States Capitol?

28. Have you watched video of what happened at the U.S. Capitol on January 6, 2021, on the news or on the Internet?

    a. Approximately how many times have you seen video or news programs depicting these events?

    b. From what source—that is, what news program, website, or social media platform—did you view those videos?

29. Do you or someone you know have any direct or indirect connection to events at the U.S. Capitol on January 6, 2021?

30. Have you been following the investigation of the events of January 6, 2021, at the United States Capitol in the news media or on the internet?

31. No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021, and no matter what opinions you may have formed, can you put all of that aside and decide this case only on the evidence you receive in court, follow the law, and decide the case in a fair and impartial manner?

### *Background Questions*

32. [The following individual questions would be asked separately of each juror.] Please provide the following information:

    a. How long have you lived in the District of Columbia?

    b. What is your marital status?

    c. Do you have children or stepchildren? If so, how many, and what are their ages?

    d. What is the highest level of school you completed?

    e. What is your current occupation?

        i. How long have you been at this job?

        ii. What is your current role at work?

        iii. Does your role include supervisory duties?

    f. If you are married, what is your spouse's occupation?

    g. Have you served on a jury before? If so:

        i. Was it a criminal or a civil case?

        ii. Did you reach a verdict?

        iii. Was there anything about your experience as a juror which would make you not want to serve again?

    h. Have you been a party to a lawsuit or a witness who testified in court? If so:

        i. What was the nature of the lawsuit?

        ii. What was your role in the case?

          iii.      What was the result?

i.      What social media platforms do you use, how often do you use them, and what do you use them for?

j.      What source or sources do you rely on to get your news?

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | Case No: 21-cr-418 (RDM) |
| | : | |
| **ERIC J. BOCHENE,** | : | |
| | : | |
| **Defendant.** | : | |

## PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's July 4, 2023, Minute Order, the government proposes the following preliminary and final jury instructions, subject to issues that arise during trial:

Preliminary Instructions

1. Introduction and Voir Dire, 1.101

2. Preliminary Instruction Before Trial, 1.102

3. Note Taking by Jurors, Redbook 1.105

4. Preliminary Instruction to Jury Where Identity of Alternates is Not Disclosed, Redbook 1.107

5. A Juror's recognition of a Witness or Other Party Connected to the Case, Redbook 1.108

6. Defendant's Self-Representation, 1.111

Final Instructions

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100\

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Evidence in the Case, Redbook 2.104

6. Statements of Counsel, Redbook 2.105

7. Information Not Evidence, Redbook 2.106, *adapted*[1]

8. Burden of Proof—Presumption of Innocence, Redbook 2.107

9. Reasonable Doubt, Redbook 2.108

10. Direct and Circumstantial Evidence, Redbook 2.109

11. Nature of Charges Not to Be Considered, Redbook 2.110

12. Number of Witnesses, 2.111

13. Inadmissible and Stricken Evidence, Redbook 2.112, *as applicable*

14. Credibility of Witnesses, Redbook 2.200

15. Police Officer or Law Enforcement Official's Testimony, Redbook 2.207, *adapted*[2]

16. Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209, *as applicable*

17. Evaluation of Prior Inconsistent Statement of a Witness, Redbook 2.216, *as applicable*

18. Evaluation of Prior Consistent Statement of a Witness, Redbook 2.217, *as applicable*

19. Impeachment by Proof of Conviction of a Crime—Witness, Redbook 2.218, *as applicable*

20. Impeachment by Proof of Conviction of a Crime – Defendant, Redbook 2.220, *as applicable*

21. Transcripts of Tape Recordings, Redbook 2.310, *as applicable*

22. Count One, Entering or Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1)

23. Count Two, Disorderly or Disruptive Conduct in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2)

---

[1] The Redbook instruction is titled "Indictment Not Evidence." Because this case is not charged by indictment, the word "Information" should replace "Indictment" in the title of the charge and in the standard Redbook text.

[2] Because this case will feature testimony by at least one FBI agent, the title and text of this instruction should be adapted to include law enforcement officials. This can be accomplished by adding "or law enforcement official" after each instance of the phrase "police officer."

24. Count Three, Violent Entry or Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104(e)(2)(D)

25. Count Four, Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § 5104(e)(2)(G)

26. Proof of State of Mind, Redbook 3.101

27. Multiple Counts- One Defendant, Redbook 2.402

28. Unanimity—General, Redbook 2.405

29. Verdict Form Explanation, Redbook 2.407

30. Redacted Exhibits, Redbook 2.500, *as applicable*

31. Exhibits During Deliberations, Redbook 2.501

32. Selection of Foreperson, Redbook 2.502

33. Possible Punishment Not Relevant, Redbook 2.505

34. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

35. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

36. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

37. Excusing Alternate Jurors, Redbook 2.511

## Proposed Instruction No. 22

### ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[3]

18 U.S.C. § 1752(a)(1)

Count One of the Information charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

> Second, that the defendant did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did, said, or perceived.[4]

---

[3] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For a January 6 case using this instruction, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6).

[4] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 9) (same).

## Proposed Instruction No. 23

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING[5]

18 U.S.C. § 1752(a)(2)

Count Two of the Information charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

> Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

> Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[6]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count One.

---

[5] 18 U.S.C. § 1752. For a January 6 case using this instruction, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7).

[6] Redbook 6.643.

Proposed Instruction No. 24

## DISORDERLY CONDUCT IN A CAPITOL BUILDING OR GROUNDS

40 U.S.C. § 5104(e)(2)(D)

Count Three of the Information charges the defendant with disorderly and disruptive conduct in a Capitol Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, that the defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.[7]

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Two.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.[8]

---

[7]   40 U.S.C. § 5101

[8]   As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998)

The term "knowingly" has the same meaning described in the instructions for Count One.

---

(internal quotation marks omitted).  "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose.  In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 191-92 (internal quotation marks omitted).

**Proposed Instruction No. 25**

**PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING**

40 U.S.C. § 5104(e)(2)(G)

Count Four of the Information charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, that the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.
>
> Second, that the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[9]

The terms "United States Capitol Buildings," "knowingly," and "willfully" have the same meanings described in the instructions for Counts One and Three.

---

[9] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *see also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).