UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC BOCHENE,<br><br>*Defendant.* | Criminal No. 21-418 (RDM) |

## VOIR DIRE

Good morning and welcome to the United States District Court. I am Judge Moss, and I will be the presiding judge in this case. You have been called to this courtroom for possible selection in a criminal case entitled *United States v. Eric Bochene*.

Would you all please stand so that the Deputy Clerk can swear you in, and then we will proceed.

The purpose of jury selection, which you will hear referred to as *voir dire*, is to select jurors who have no prior knowledge of the case and no bias toward either side in the case. In short, it is our aim to select a jury of twelve, with two alternates, that will reach a verdict based solely on the evidence presented in this courtroom and the law as I instruct you. During this process, you will be introduced to the participants in the trial, and I will ask you a series of questions

1

that the lawyers and I think will be helpful to us in selecting a fair and impartial jury. You, of course, are bound by the oath you've just taken to truthfully answer those questions.

This is a criminal case, in which the defendant, Eric Bochene, is charged by Information with four counts: Entering and Remaining in a Restricted Building in violation of 18 U.S.C § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). This case arises from events at the U.S. Capitol on January 6, 2021. The Information alleges that these violations all occurred on January 6, 2021. Mr. Bochene, who is presumed innocent, denies the allegations contained in the Information, has entered a plea of not guilty to all of these charges, and has requested a trial by jury.

You all should now have an index card and a pen or pencil. If you have not already done so, please write your juror number in the upper right-hand corner of your index card. I am now going to ask you a series of questions. They are all yes/no questions. If you have a "yes" answer to a particular question, please write the number of the question on your card. Don't write "yes" or why you have a "yes" answer; just write the number.

After I finish asking you all the questions, we will call you one by one to the witness stand. At that point, I will ask that you give your card to the Deputy Clerk. I will then ask you about your answers, and I will provide the lawyers with the opportunity briefly to follow up on our discussion.

Here are my questions:

**<u>Eligibility</u>**

1. Do you no longer live in the District of Columbia?

**<u>People Involved in the Proceedings</u>**

2. This is a criminal case entitled *United States v. Eric Bochene*, 21-cr-418. The defendant is charged with four offenses: Entering and Remaining in a Restricted Building in violation of 18 U.S.C § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). The charges relate to the events that occurred at the U.S. Capitol on January 6, 2021. Do you know or have you heard anything about this specific case?

3. The Government in this case is represented by AUSA Anita Eve and Trial Attorney Michael Romano, and they will be assisted by paralegal

4.     Elizabeth Hayman.  Do you know these individuals either personally or professionally?

4.     The defendant in this case is Eric Bochene.  He is a resident of New Hartford, New York.  Do you or any of your relatives or friends know or know of Mr. Bochene?

5.     Mr. Bochene is representing himself, but he has with him standby counsel, Upong Akpan.  Do you know Ms. Akpan either personally or professionally?

6.     If I could ask that you all take a minute to look at the other potential jurors: do you recognize or think you know any of the other potential jurors in the panel?

7.     During the presentation of evidence, you may hear testimony from or about the following persons: [ADD LIST OF NAMES].  Do you know any of these prospective witnesses or individuals?

8.     The courtroom deputy is Glenda Walker, the court reporter is Tammi Sefranek, and my law clerks are Meghan Holloway, Taylor Nicolas, and Molly Runkle.  Do you know me or any member of my staff?

**Presumption of Innocence**

9.     The government has the burden of proving that Mr. Bochene is guilty beyond a reasonable doubt, and he is presumed innocent unless and until

the government meets that burden.  This burden of proof never shifts to Mr. Bochene, and because the defendant is presumed innocent, he need not offer any evidence.  Would you have any difficulty or hesitation with respecting this allocation of the burden of proof?  Would the fact that Mr. Bochene has been charged make it difficult for you to presume that he is innocent of those charges?

10. Would you be able to keep an open mind and presume that a defendant charged with a crime is innocent unless and until proven guilty beyond a reasonable doubt?

11. A defendant has a constitutional right not to testify, and, if Mr. Bochene decides not to testify, I will instruct you that you may not hold that silence against him in any way.  Would you have any difficulty or hesitation following that instruction?

**Case-Specific Questions**

12. Mr. Bochene has elected to exercise his constitutional right to represent himself.  Is there anything about his decision to represent himself that would make it difficult for you to be a fair and impartial juror in this case?

13. Do you have strong feelings about the nature of the charges in this case that would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

14. Do you, any family member, or a close friend live or work in or near the U.S. Capitol?

15. Do you or someone close to you have any personal or professional connection to events at the U.S. Capitol on January 6, 2021?

16. Have you ever watched video of what happened at the U.S. Capitol on January 6, 2021 on the news or on the Internet? If so, will you have any difficulty putting aside any opinions you may have formed about those events, following the law as I explain it to you, and deciding the case in a fair and impartial manner based solely on the evidence presented in court?

17. A House Select Committee has been holding hearings concerning the events at the U.S. Capitol on January 6, 2021. Have you watched the televised hearings of the House Select Committee investigating January 6? If so, will you have any difficulty putting aside any opinions you may have formed about the people involved in those events, following the law as I explain it to you, and deciding the case in a fair and impartial manner based solely on the evidence presented in court?

18. No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021, and any opinions you might have formed about those events, would you have any difficult setting your opinions aside and deciding this case in a fair and impartial manner based solely on the evidence presented in court?

19. If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with regard to this case for any purpose. That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this case, googling this case, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites. Do you have any doubt about your ability to follow this instruction?

20. As you sit here, do you have an opinion about the defendant's guilt or innocence in this case?

**Experience with the Justice System**

21. Have you served previously on a grand jury or a trial jury in a criminal or civil case in any court?

22. Have you ever been a witness in any court case? Have you ever been a party to a court case?

23. Have you, a family member, or a close friend ever had any legal training or ever worked at a law office?

24. Have you, a family member, or a close friend ever worked for any of the following organizations: First, any type of federal, state, or local law enforcement agency, including the Metro Transit Police Department, the Metropolitan Police Department, the U.S. Marshals Service, the Capitol Police, the Park Police, the Secret Service, the Federal Bureau of Investigation, the Drug Enforcement Administration, or any local police department? Second, a local, state, or federal prosecutor's office such as the United States Attorney's Office, or a state's attorney or commonwealth attorney? Third, any public defender, or a private criminal defense office? Fourth, any jail, prison, or other type of penal institution? Fifth, a private security company?

**Opinions on the Criminal Justice System**

25. Do you have any strong opinions about criminal defendants, defense attorneys, or prosecutors that would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

26. There may be testimony from police or other law enforcement officers in this case. Would you tend to believe or disbelieve their testimony—or

8

       find them more or less credible than other witnesses—merely because they are police or law enforcement officers?

27. Have you, a family member, or a close friend ever been detained by the police, arrested, or charged with a crime?

28. Have you, a family member, or a close friend ever been a victim of or witness to a crime?

**<u>Hardship and Catch-All</u>**

29. Do you have any health problems that would interfere with your ability to sit as a juror in this case? Do you take medication that makes you drowsy or makes it difficult to remain alert during these proceedings? Do you have any problems with your hearing or eyesight?

30. Are you or is anyone with whom you live or with whom you need to have frequent contact at heightened risk of severe illness from COIVD-19?

31. Do you have any difficulty reading, speaking, or understanding English?

32. We expect the presentation of evidence in this trial to conclude on Thursday, August 10, 2023. After the close of the evidence the jury will deliberate until it has reached a decision. Would serving as a juror in this case be an extreme hardship to anyone?

33. My final question is what I call my "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to be fair. In sum, is there some other reason that would make it difficult for you to sit as a fair and impartial juror in this case?

Now, the Deputy Clerk will bring you to the witness stand one by one with your card. We will go over the information that you have listed and have a discussion with you about it. We will be starting on the right in the front row and just make our way through however many of you we need to talk to.

If you need to use the facilities, you can go outside, and courthouse personnel can direct you to them. But please come back promptly. Do not wait around out in the hall. Certainly do not leave this floor of the courthouse. Sometimes people stand outside the courtroom and start talking among themselves and it means that the deputy courtroom clerk has to go out and find you. And that takes time. So please come back into the courtroom promptly.

I would ask that you not speculate about the case. If you have information that you are going to be providing me, please do not discuss it with your fellow jurors so that you do not create problems for them by telling them something that

10

may require that I excuse you and then may wind up requiring that I excuse them as well.

You may not conduct any independent investigation of the law or the facts in the case. This means that you cannot conduct any kind of research about this case—for example, researching any issue on the internet using your phone or another device, asking any questions of anyone via email or text, or otherwise communicating about or investigating the facts or law connected to the case. Similarly, you may not do any investigation about any of the attorneys, witnesses, or law enforcement personnel in this case. If a family member, friend, or colleague asks you about the case, you can say that you are being considered for service in a criminal case, but you may not say anything more, and you may not discuss the case with anyone.

You can talk among yourselves, get to know your fellow jurors. This is a good opportunity to do that. It is a nice cross-section of our community to be able to talk together; get to know your neighbors. There is no problem with that, so long as you maintain social distancing. I just ask that you not discuss the case; you may not discuss the case.

If you do get up, please look at whoever is on either side of you and where you are—we put you in order according to the list so we know who you are—and I

ask that you go back to the same seat when you return. That way, we do not take you out of order.

If you run into anyone associated with this case, please do not talk to them about anything. If you are seen talking to them, I will need to add that to my list of questions to make sure you are not talking about the case. You are not allowed to talk about the case. Again, if you are seen talking to counsel or others, even if you are not talking about the case, I still need to make an inquiry, and that takes a lot of extra time. We want you to come here without getting additional information from somebody else. If you are chosen as a juror, you will be required to make your decision based solely on the evidence that is going to be presented to you in the courtroom.

We will do this as quickly as we possibly can. I appreciate your patience.