UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

   -v-                                      Case No: 1:21-CR-00418 (RDM)

ERIC BOCHENE

## SENTENCING MEMORANDUM

DATED: October 30, 2023                  Respectfully submitted,

                                                    By: JOHN J. GILSENAN, ESQ.
                                                    Assistant Federal Public Defender
                                                    4 Clinton Square, 3rd Floor
                                                    Syracuse, NY 13202

I.   **The factors under 18 U.S.C. § 3553 (a) support a time-served sentence with no fine or supervised release.**

Mr. Bochene joins with the government's sentencing recommendation for a 90-day sentence and the agreed upon restitution, but objects to any additional supervision, a fine, and community service for the following reasons:

1. Mr. Bochene lost his job during the past 90-days of incarceration and has no ability to pay a fine. For that reason, one-year of supervised release is unnecessary to enforce payment of the fine. Additionally, community service is unnecessary and counterproductive because Mr. Bochene will be occupied upon his release looking for a new job to support his family. Mr. Bochene's family is prepared to assist him in paying the $500 restitution as soon as possible.

2. Mr. Bochene's 32 and 28 year-old prior convictions are so distant that they represent the mentality of a 19-year-old rather than a proclivity for criminal behavior necessitating supervision. Upon information and belief, the pending misdemeanor and violation-level charges (a charge less serious than a misdemeanor under New York law), will be dismissed at the next court appearance. Finally, it's highly unlikely that the Chinese government would have permitted Mr. Bochene to remain in their country if he had been persistently committing crimes. *See* Dkt. 86-2.

3. Mr. Bochene has no history of substance abuse or mental health disorders that could be addressed during a term of supervised release.

4. Mr. Bochene spent a relatively short time in the Capitol building wandering and chatting with law enforcement. This mitigates toward no supervised

release. As to the window, the odd posture and exaggerated movements Bochene made with the object suggest that Bochene was pretending to damage the window for dramatic or theatrical effect, rather than sincerely attempting to break the window. In any event, Bochene has taken responsibility and regrets his actions that day.

For these reasons, and for the factors outlined in 18 U.S.C. § 3553 (a) (1) and (4), a time-served sentence with $500 in restitution falls within the middle of the applicable guideline range and is no greater than necessary.

DATED: October 30, 2023

By: JOHN J. GILSENAN, ESQ

Asst. Federal Public Defender
4 Clinton Street
Syracuse, New York

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Ms. Anita Eve, Assistant United States Attorney, 615 Chestnut Street, Philadelphia, PA; Mr. Michael Romano, 13131 F Street, N.W. Washington, DC 20530.

/s/ JOHN J. GILSENAN